IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**HAROLD EUGENE ROGERS**                                                            **PETITIONER**
**ADC #75837**

**V.**                           **CASE NO. 5:17-CV-314-KGB-BD**

**WENDY KELLEY, Director,**                                                          **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Either party to this suit may file written objections with the Clerk of Court, but to be considered, objections must be received within 14 days of the filing of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.   Background:

On November 5, 1973, a Sebastian County jury found Petitioner Harold Rogers guilty of first-degree rape and sentenced him to Life imprisonment in the Arkansas Department of Correction ("ADC"). (Docket entry #9-2) Mr. Rogers was 16 years old at the time he committed the crime.

While in prison, Mr. Rogers committed a second rape and was found guilty of that crime by a Lincoln County jury on September 25, 1980. (#9-3) He was sentenced to ten years' imprisonment for the prison rape, to be served consecutively to his Life sentence. (*Id.*)

In 2015, Mr. Rogers sought state habeas relief in the Lincoln County Circuit Court. See ARK. CODE ANN. § 16-112-101, *et seq*. He alleged that, because he was 16 years old when he committed the first rape, his life sentence was unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010).[1] The circuit court agreed and, by Order entered on February 22, 2016, resentenced him to 90 years' imprisonment. (#9-4)

As a consequence of the reduction of Mr. Rogers's sentence for the first rape to a term of years, the ADC identified the parole statutes that governed each of his sentences and determined when, if ever, he would become parole eligible. Believing that the ADC miscalculated his parole eligibility, Mr. Rogers petitioned the Lincoln County Circuit Court in May of 2016 for a declaratory judgment and writ of mandamus. He sought a determination as to which statutes governed his parole eligibility. (#9-5) Relying on state law, Mr. Rogers argued that, because his 1973 sentence was his "original sentence," his parole eligibility as to both his 1973 sentence and his 1980 sentence should be governed by the parole statute in effect at the time of his 1973 conviction.

---

[1] In *Graham*, the Supreme Court determined that the Eighth Amendment prohibits life imprisonment without the possibility for parole for minors who, like Mr. Rogers, committed non-homicide offences.

Without addressing whether the ADC had properly determined Mr. Rogers's parole eligibility, the circuit court denied his petition, finding that no justiciable controversy existed. (#2 at 19-21) The circuit court observed that Mr. Rogers was already parole eligible, had been denied parole, and was likely upset by the denial of parole rather than by the determination of his parole eligibility date. (#2 at 19-21) Thereafter, Mr. Rogers moved the circuit court to "modify" its order (#9-6), but that motion was denied. (#9-7)

Mr. Rogers appealed. A majority of Arkansas Supreme Court agreed that there was no justiciable controversy and affirmed. *Rogers v. Knight*, 2017 Ark. 267, at 2 (Hart, J. and Baker, J. dissenting); (#2 at 24). Justices Hart and Baker rejected the majority's opinion as to whether there was a justiciable controversy, but neither addressed the merits of Mr. Rogers's claim, opining that the matter should be remanded to the circuit court. *Id.* at 4-8.

Mr. Rogers initiated the instant petition on November 27, 2017. (#2) In this petition, he alleges that the ADC failed to accurately calculate his parole eligibility and also that the Lincoln County Circuit Court violated ARK. R. CIV. P. 56 in denying him state habeas relief. (*Id.*) Respondent Kelley argues that the claims are not cognizable in federal habeas and should be dismissed. (#9) In his reply, Mr. Rogers relies heavily on the dissenting opinions written by Justices Hart and Baker and again asserts that the Lincoln County Circuit Court erred in failing to address his claim that the ADC miscalculated his parole eligibility. (#10)

3

### III.   Discussion:

A federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The inverse, then, is that federal-habeas relief does not lie for errors of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citation omitted). Thus, unless Mr. Rogers asserts a federal constitutional violation, his claims must be dismissed.

If a State, in creating its parole system, enacts "mandatory language and imposes substantive limits on the discretion of state officials," *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citations omitted), it creates a liberty interest protected by the Due Process Clause of the United States Constitution. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016). Arkansas, however, has not done so.

Parole in Arkansas is not an absolute right. ARK. CODE ANN. § 16-93-701; *Mason v. Hobbs*, 2015 Ark. 20, at 3 ("[T]here is no constitutional right or entitlement to parole that would invoke due-process protection."). Because Arkansas' parole statutes do not create a liberty interest in early release from confinement, Mr. Rogers has no more than the possibility of parole, which amounts to an unprotected expectation. *Swarthout*, 562 U.S. at 220 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Because Mr.

Rogers had no liberty interest in parole, he cannot state a federal habeas claim even if the ADC miscalculated his parole eligibility date.

Mr. Rogers also argues that the Lincoln County Circuit Court ignored state procedural rules in deciding his claim. (#2 at 6) Whether the state circuit court properly applied state procedural rules is not for this Court to determine. This claim, therefore, also fails because Mr. Rogers does not allege a violation of the Constitution or federal laws. *Swarthout*, 562 U.S. at 219.

### IV. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Rogers has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Rogers has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### V. Conclusion:

Mr. Rogers's allegations do not state a claim to federal habeas corpus relief. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 2nd day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE