# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**HAROLD EUGENE ROGERS**  PETITIONER
**ADC #75837**

v.   Case No. 5:17-cv-00314-KGB-BD

**WENDY KELLEY, Director**
**Arkansas Department of Correction**  RESPONDENT

## ORDER

The Court has reviewed the Recommended Disposition filed by United States Magistrate Judge Beth Deere (Dkt. No. 14). On April 27, 2018, this Court granted plaintiff Harold Eugene Rogers an additional 30 days to file his objections to the Recommended Disposition (Dkt. No. 17). On May 29, 2018, Mr. Rogers filed his objections (Dkt. No. 18). Also before the Court are Mr. Rogers' motion for leave to supplement his objections and his motion to appoint counsel (Dkt. Nos. 19, 20). After careful review of the Recommended Disposition, a *de novo* review of the record, and a review of all of Mr. Rogers' objections thereto, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 14). The Court denies Mr. Rogers' motion for leave to supplement his objections and his motion to appoint counsel (Dkt. Nos. 19, 20).

**I.  Discussion**

Mr. Rogers alleges that the Arkansas Department of Corrections ("ADC"), *via* "Records Supervisor Mrs. Gleenover Knight," incorrectly calculated the date at which he becomes eligible for parole and that the Circuit Court of Lincoln County, Arkansas, ignored state procedural rules in deciding his claim (Dkt. No. 2, 5-7). The Recommended Disposition recommends dismissal of Mr. Rogers' petition for writ of *habeas corpus* on the grounds that Mr. Rogers' has no protected liberty interest in parole and because a violation of state procedural rules is not cognizable *via* a

petition for writ of *habeas corpus* (Dkt. No. 14, at 4-5). Mr. Rogers objects to the Recommended Disposition on the grounds that his "minimum release date" should have been calculated as occurring on November 5, 2003, rather than in 2021 (*Id*., at 2).

As discussed in more depth in the Recommended Disposition, Mr. Rogers' petition alleges that the ADC incorrectly calculated when Mr. Rogers became eligible for parole. Arkansas prisoners do not have an absolute right to parole, *Mason v. Hobbs*, 453 S.W.3d 679, 682 (Ark. 2015), and therefore Mr. Rogers' does not have a federally protected liberty interest in parole. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (noting that South Dakota's discretionary parole process did not create a liberty interest in parole). Furthermore, Mr. Rogers' argument regarding the Lincoln County Circuit Court's application of state procedural rules does not clearly implicate any federal rights. To the extent that Mr. Rogers intends to assert that he was denied federal procedural due process while seeking parole, the Court denies this claim. *See Jenner*, 828 F.3d at 716 (finding that the process for obtaining parole does not create a federally protected liberty interest if a prisoner has no protected liberty interest in parole itself). Accordingly, the Court denies without prejudice Mr. Rogers' petition for *habeas* relief.

Furthermore, the Court denies Mr. Rogers' motion for leave to supplement objection to Magistrate's report (Dkt. No. 19). The Court notes that it granted Mr. Rogers an extension of time to file his initial objections until May 27, 2018 (Dkt. No. 17). Mr. Rogers' filed this request for leave to supplement his objections on June 4, 2018, eight days after the initial extension expired (Dkt. No. 19). Mr. Rogers contends that his objections are not complete "because the inmate that had helped him prepare the objection failed to adequately address all the issues pertinent to his claims" and because he did not have time to amend his objection in time (*Id*., at 1). In his request for a further extension of time, Mr. Rogers does not summarize or describe in any way what

2

supplement to his objections he contends he will make if granted leave. Moreover, the Recommended Disposition rests on well-settled legal principles that supplemental objections are unlikely to change. As Mr. Rogers has already been granted one extension to file his objections, the Court finds that he has failed to demonstrate good cause as to why he should be entitled to supplement his objections. Accordingly, the Court denies Mr. Rogers' motion for leave to supplement objection to Magistrate's report (Dkt. No. 19).

Finally, the Court also denies Mr. Rogers' motion to appoint counsel (Dkt. No. 20). Mr. Rogers previously requested the appointment of counsel (Dkt. No. 11), but the Court denied that request on the grounds that Mr. Rogers is capable of prosecuting his case since the facts and issues in this case are not so complex as to warrant appointment of counsel (Dkt. No. 12). For the same reasons, the Court denies Mr. Rogers' present motion to appoint counsel (Dkt. No. 20).

## II. Certificate Of Appealability

The Court concludes that Mr. Rogers is not entitled to a certificate of appealability because he has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further).

## III. Conclusion

It is therefore ordered that:

1. The Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 14).

2. The Court dismisses without prejudice Mr. Rogers' petition for *habeas* relief (Dkt. No. 2).

3. The Court denies Mr. Rogers' motion for leave to supplement objection to Magistrate's report and motion to appoint counsel (Dkt. Nos. 19, 20).

So ordered this the 31st day of October, 2018.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge